UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-05852-RGK-JEM | Date | July 26, 2018 |
|---|---|---|---|
| Title | *LUIS VILLEGAS v. Y. KIM, LLC ET AL.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Plaintiff's Motion for Summary Judgment (DE 21)

### I. INTRODUCTION

On August 8, 2017, Luis Villegas ("Plaintiff") filed a Complaint against Y. Kim, LLC ("Defendant") alleging that Defendant violated the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act ("the Unruh Act").

Presently before the Court is Plaintiff's Motion for Summary Judgment. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Summary Judgment.

### II. FACTUAL BACKGROUND

The following facts are undisputed:

Plaintiff is a paraplegic who cannot walk and uses a wheelchair for mobility. Defendant owns and operates Cork N. Bottle ("the Store"), a business establishment open to the public.

On July 8, 2017, Plaintiff went to the Store to buy lottery tickets and a bottle of water. When Plaintiff drove into the parking lot, he discovered one parking spot available for persons with disabilities ("parking spot"). However, the paint outlining the parking spot was faded and there was no adjacent access aisle or handicap signage posted. When Plaintiff approached the store's transaction counter, he found that it was over 36 inches tall and too high and wide for his use.

Since Plaintiff filed his Complaint, Defendant has relocated the parking spot to the rear of the building and is in the process of making corrections to comply with ADA requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-05852-RGK-JEM | Date | July 26, 2018 |
|---|---|---|---|
| Title | *LUIS VILLEGAS v. Y. KIM, LLC ET AL.* | | |

## III. JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon such a showing, the court may grant summary judgment on all or part of the claim. *See* Fed. R. Civ. P. 56(f). The materiality of a fact is determined by whether it might influence the outcome of the case based on the contours of the underlying substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over such facts amount to genuine issues if a reasonable jury could resolve them in favor of the nonmoving party. *Id.*

To obtain summary judgment on issues where it has the burden of proof at trial, the moving party must provide affirmative evidence to support each element of its claim and show that there are no triable issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson*, 477 U.S. at 254–55.

Once the moving party has properly supported its motion, the burden shifts to the non-moving party. *See Celotex*, 477 U.S. at 325. To defeat a summary judgment motion, the non-moving party "must set forth facts showing that there is a genuine issue for trial," either by citing materials in the record, or showing that the materials cited by the moving party do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 250.

When ruling on a motion for summary judgment, the court must draw inferences in favor of the non-moving party and cannot make credibility determinations or weigh the evidence. *Id.* at 255.

## IV. DISCUSSION

Plaintiff alleges that Defendant violated Title III of the ADA and the Unruh Act because Defendant's parking lot and transaction counter were architectural barriers that render Defendant's facility inaccessible to people with disabilities. Consequently, Plaintiff seeks $4,000 in statutory damages under the Unruh Act and injunctive relief under the ADA. Defendant opposes injunctive relief, but does not oppose Plaintiff's request for $4,000 in statutory damages. The Court addresses whether Plaintiff is entitled to each form of relief in turn.

### A. Statutory Penalty Under the Unruh Act

A plaintiff is entitled to statutory damages for each Unruh Act violation that denied the plaintiff full and equal access to the place of public accommodation on a particular occasion. Cal. Civ. Code § 55.56(a). Because Plaintiff seeks only a single minimum statutory penalty of $4,000, the Court need only find undisputed evidence of a single Unruh Act violation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-05852-RGK-JEM | Date | July 26, 2018 |
|---|---|---|---|
| Title | LUIS VILLEGAS v. Y. KIM, LLC ET AL. | | |

"A violation of the right of any individual" under the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f). The Court therefore turns first to whether Plaintiff established a violation of the ADA.

1. *Violation of the ADA*

Under Title III of the ADA,

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

Therefore, "to prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

   a. *Disability*

A "disability" includes "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102. Here, it is undisputed that Plaintiff is a paraplegic who cannot walk and who uses a wheelchair for mobility. Plaintiff is considered disabled within the meaning of the ADA.

   b. *Defendant is a Private Entity that Owns and Operates a Place of Public Accommodation*

Because Defendant is not part of a state or local government or commuter authority, it is a private entity. 42 U.S.C. §§ 12181(6), 12131. In addition, Defendant admits that it owns the Store and that the Store is a business establishment open to the public. (Def.'s Answer ¶¶ 5, 11, ECF No. 11.) Therefore, Defendant is a private entity that owns and operates a place of public accommodation under the ADA. *See* 42 U.S.C. § 12181(7)(E).

   c. *Plaintiff was Denied Public Accommodations Because of His Disability*

A Plaintiff is denied public accommodations because of his disability if the defendant fails "to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Any element in a facility that does not meet the standards set forth in the ADA Guidelines ("ADAAG")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-05852-RGK-JEM | Date | July 26, 2018 |
|---|---|---|---|
| Title | LUIS VILLEGAS v. Y. KIM, LLC ET AL. | | |

is considered a barrier to access. *Id.*

Under the ADAAG, sales counters must be a maximum of 36 inches high and a minimum of 36 inches wide. 36 C.F.R. pt. 11191, App. D § 904.4.1. It is undisputed that Defendant's counters were higher and narrower than permitted under the ADA when Plaintiff visited the Store. Thus, Defendant's counters created an architectural barrier.

The Court also finds that removal of the barrier was readily achievable, as Defendant admits that it is in the process of bringing the counter into ADA compliance. *See Wilson,* 439 F. Supp. 2d at 1069 (finding a removed barrier was readily achievable because it was removed).

Because Plaintiff encountered a readily removable barrier, he was denied public accommodations because of his disability.

        d.    *Summary*

Plaintiff has established that Defendant violated the ADA. Consequently, Defendant violated the Unruh Act.

    2.    *Denied Full and Equal Access*

Next, the Court turns to whether Plaintiff was denied full and equal access to the Store as a result of Defendant's ADA violation.

A plaintiff is denied full and equal access if he experienced "difficulty, discomfort, or embarrassment" because of an architectural barrier. Cal Civ. Code § 55.56(a)-(d). It is undisputed that Plaintiff experienced difficulty, discomfort, and frustration when he encountered the inaccessible transaction counter at the Store. Consequently, Plaintiff was denied full and equal access to the Store.

    3.    *Statutory Penalty*

In conclusion, Plaintiff has established that he is entitled to a $4,000 statutory award under the Unruh Act.

    B.    **Injunctive Relief Under the ADA**

Plaintiff also seeks an injunction under the ADA that would require Defendant to bring the Store's handicap parking spot and counters into compliance with the ADA. Defendant contends that Plaintiff lacks standing to seek an injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-05852-RGK-JEM | Date | July 26, 2018 |
|---|---|---|---|
| Title | *LUIS VILLEGAS v. Y. KIM, LLC ET AL.* | | |

A plaintiff has standing to sue for injunctive relief under the ADA if: (1) the plaintiff suffered an actual or imminent injury in fact, (2) caused by the defendant's conduct, (3) that can be redressed by the court. *Oliver*, 654 F.3d at 907. An injury in fact is established if the plaintiff encountered or is aware of continuing discriminatory conditions and is currently deterred from visiting or patronizing the accommodation as a result. *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1136–37 (9th Cir. 2002).

In an affidavit submitted with his Motion for Summary Judgment, Plaintiff asserts that the Store is a convenient place for him to buy supplies, that he is currently deterred from returning because of Defendant's ADA violations, and that once Defendant's violations are remedied, he plans to visit the Store whenever the need arises. (Def.'s Mot. for Summ. J., Ex. 2 ¶¶ 17, 19, ECF No. 21.) Defendant attacks the legitimacy of Plaintiff's assertions by arguing that Plaintiff made identical statements in lawsuits involving accommodations across California. The Store is located in Lynwood, California and Plaintiff fails to provide evidence that he lives in or near Lynwood. Plaintiff simply offers conclusory statements and has not provided sufficient evidence establishing intent to return to the Store. Thus, whether Plaintiff suffered an injury in fact remains a triable issue that cannot be resolved as a matter of law. The Court therefore **denies** Plaintiff's request for injunctive relief on summary judgment.

**V.     CONCLUSION**

Accordingly, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Summary Judgment as follows. Defendant violated the Unruh Act and is entitled to $4,000 in statutory damages as a matter of law. However, whether Plaintiff has standing to pursue injunctive relief under the ADA remains a triable issue of fact, and the Court therefore cannot award injunctive relief on summary judgment.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer          _____